Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Marlo Kennedy,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
MARLO KENNEDY, on behalf of herself            Civil Action No.
and all others similarly situated

                Plaintiffs,

                                                            **CLASS ACTION**
                                                            **COMPLAINT**
   v.

ONLINE INFORMATION SERVICES, INC.            **NO JURY TRIAL DEMANDED**

                Defendant.
---------------------------------------------------------X

       Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Marlo Kennedy ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Online Information Services, Inc. ("OIS") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

    i. The acts giving rise to this lawsuit occurred within this District; and

    ii. Defendant does business within this District.

## PARTIES

7. Plaintiff, Marlo Kennedy, is an individual natural person who at all relevant times resided in the City of Newark, County of Essex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Online Information Services, Inc. is a corporation with its principal place of business located at 685 W. Fire Tower Road Winterville, NC 28590. Online Information Services, Inc. may be served with process through their registered agent, Corporation Service Company, located at 830 Bear Tavern Road West Trenton, NJ 08628.

10. The principal purpose of OIS is the collection of debts using the mail and telephone.

11. OIS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. OIS's business records on file with the State of New Jersey state that OIS provides collection agency services.

13. Online Information Services, Inc. is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

14. On October 17, 2017, Plaintiff allegedly incurred a financial obligation to Imagine Consultants Essex in the amount of $47.30 related to medical services rendered to her (the "Debt").

15. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from medical services rendered to the Plaintiff.

16. Plaintiff's personal medical Debt to Imaging Consultants Essex is a "debt" as defined by 15 U.S.C. §1692a(5).

17. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

18. On or before January 23, 2018, the Debt was referred by Imaging Consultants Essex to OIS for the purpose of collections.

19. Defendant contends that the Debt is past-due and in default.

20. At the time the Debt was referred by Imaging Consultants Essex to OIS, the Debt was past-due.

21. At the time the Debt was referred by Imaging Consultants Essex to OIS, the Debt was in default.

22. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

23. On or about January 23, 2018, OIS mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the letter dated January 23, 2018 sent by Online to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

24. OIS mailed the letter dated January 23, 2018 attached as <u>Exhibit A</u> as a part of their efforts to collect the Debt.

25. Plaintiff received the letter attached as <u>Exhibit A</u> in the mail.

26. Plaintiff read the letter attached as <u>Exhibit A</u> upon receipt of the letter in the mail.

27. <u>Exhibit A</u> was sent in connection with the collection of the Debt.

28. <u>Exhibit A</u> seeks to collect the Debt.

29. <u>Exhibit A</u> states in relevant part, " This is an attempt to collect and debt…"

30. <u>Exhibit A</u> conveyed information regarding the Debt including the Amount Owed of $47.30, OIS Account and Pin numbers, and a demand for payment.

31. The Letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

32. The Letter attached as <u>Exhibit A</u> was the only letter or notice that Plaintiff received from OIS.

33. The Letter attached as <u>Exhibit A</u> states in relevant part:

    Amount owed: $47.30

34. The Letter attached as <u>Exhibit A</u> provides a website in order to pay the Debt under the heading "Payment Options" by stating:

    > Free online payment at:
    > **payments.OnlineCollections.com**
    > Account #XXXX0018
    > Pin #43346

35. On May 25, 2018, the Plaintiff went to the website listed in the Letter for making a payment.

36. After inputting the account and pin number referenced in the Letter, the amount listed as being owed by the Plaintiff on Defendant's website was not the $47.30 amount referenced in the Letter, but rather $734.55. (Annexed and attached hereto as <u>Exhibit B</u> is a printout from OIS's website showing that the amount they sought to collect on their website was not the $47.30 referenced in the Letter attached as <u>Exhibit A</u>, but rather $734.55).

37. The reason the amount of the debt listed in <u>Exhibit B</u> ($734.55) was higher than the amount of the Debt listed in <u>Exhibit A</u> ($47.30) was because OIS added additional alleged accounts with additional alleged balances on their website for payments.

38. OIS sought to collect all of the accounts that make up the alleged $734.55 balance from the Plaintiff.

39. <u>Exhibit A</u> is a computer-generated form letter.

40. OIS's debt collection practice is largely automated and utilizes standardized form letters.

41. Upon information and belief, the January 23, 2018 Letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by OIS and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

5

42. Defendant used the same procedures they used in sending the letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New Jersey consumers.

43. Defendant includes debts for accounts on their website for payment that are not referenced in the collection letters they send to consumers in the state of New Jersey.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

44. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

45. The Defendant's above refenced conduct violates 15 U.S.C. §§1692, 1692e, 1692e(10), 1692g, 1692g(a)(1)-(5).

46. 15 U.S.C. §1692e provides:

> **§1692e.       False or Misleading Representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

47. 15 U.S.C. §1692g provides:

> **(a) Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing
>
>> (1) the amount of the debt;
>>
>> (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. Defendant violated §1692g because they sought to collect debts from the Plaintiff without providing the initial disclosures mandated by 15 U.S.C. §1692g for those debts. OIS did not provide any of the initial disclosures required by §1692g(a)(1)-(5) for any of the accounts that made up the $734.55 amount listed in Exhibit B other than the account for $47.30 referenced in Exhibit A.

49. Defendant violated §1692g because they sought to collect accounts and monies from the Plaintiff without disclosing the amount of the debt(s) allegedly owed on the account(s), the name of the alleged creditor(s), disclosing Plaintiff had the right to dispute the account(s) and had the right to request verification of the debt(s) that made up the account(s). Other than the account for $47.30, Defendant provided no information regarding any of the account(s) they sought to collect from the Plaintiff before seeking to collect the debts by listed them on their website as allegedly being owed by Plaintiff. Simply put, if the Defendant wanted to collect accounts separate and apart from the $47.30 Debt referenced in Exhibit A, they were legally required to send the Plaintiff a letter which contained the discloses required by §1692g for those account(s), their failure to do so here violates the FDCPA.

50. Defendant violated 15 U.S.C. §1692e(10) their conduct of failure to provide validation notices for accounts they are seeking to collect is misleading and deceptive.

51. The misleading and deceptive representation is material because it left Plaintiff uncertain as to her rights regarding her right to know the amount of the debt she allegedly owed, the name of her alleged creditor, her ability to dispute her alleged debt and her right to request verification of the alleged debt.

52. Plaintiff has alleged a particularized injury because the Letter attached as <u>Exhibit A</u> was were mailed and directed to her.

53. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and §1692g creates a substantive right to receive certain information, and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

54. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that the Defendant's conduct violated 15 U.S.C. §1692e and 15 U.S.C. §1692g and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

55. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

56. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57. The class is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from OIS in a form materially identical or substantially similar to the letter attached as <u>Exhibit A</u> to the Complaint which referred the individual

to payments.OnlineCollections.com (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action, and (f) where OIS added additional accounts in payments.OnlineCollections.com that were not referenced in the letter.

58. The class definition above may be subsequently modified or refined.

59. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

60. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of a form collection letter and operating a website. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

   ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over

questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

      v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that Online Information Services, Inc. violated 15 U.S.C. §§1692e and 1692g;

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       January 23, 2019

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com

### **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By: /s/ Ryan Gentile
_____
Ryan Gentile